IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMAR WILSON, ) | |
| ) | Civil Action No. 14-1654 |
| Plaintiff, ) | Judge Arthur J. Schwab |
| ) | Magistrate Judge Lisa Pupo Lenihan |
| vs. ) | |
| ) | |
| SUPERINTENDANT ROBERT ) | ECF No. 14 |
| GILMORE, et al., ) | |
| ) | |
| Defendants, ) | |
| ) | |
| ) | |

## **MEMORANDUM ORDER**

Pending before the Court is a Motion for Appointment of Counsel (ECF No. 14 ). The complaint was filed on December 16, 2014 following the grant of a motion to proceed *in forma pauperis*. A Motion to Dismiss is pending.

It is well-settled that "[i]ndigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). Yet, 28 U.S.C. § 1915(e)(1) provides that the Court may request an attorney to represent an indigent litigant in a civil case. While the court has broad discretion to request an attorney to represent an indigent civil litigant, *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993), it may not require an unwilling attorney to accept an appointment in a civil case. *Mallard v. U.S. District Court*, 490 U.S. 2396, 310 (1989).

In the case of Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), *cert. denied*, 510 U.S. 1196 (1994), the Court of Appeals for the Third Circuit identified standards to be considered by the

district courts in exercising their discretion whether to "appoint"[1] counsel pursuant to 28 U.S.C. § 1915(d).[2]

The court recognized that there are significant practical restraints on the district court's ability to "appoint" counsel:

> the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation.

6 F.3d at 157. The court also recognized that there are many cases in which district courts seek to appoint counsel but there is simply none willing to accept appointment. The court stated:

> [T]he frequent unwillingness of lawyers to accept appointment in such cases is not only a function of the time pressures lawyers face in trying to earn a living in an increasingly competitive field, but also by circulating knowledge of the indignities that some lawyers have been subjected to by certain litigants, including verbal and written abuse, excessive demands and complaints, and malpractice suits. We trust the district judges will be sensitive to such problems in making discretionary decisions in this area.

Id. at 157, n.7.

The court further recognized that volunteer lawyer time is extremely valuable and district courts should not request counsel under § 1915 indiscriminately:

> [v]olunteer lawyer time is a precious commodity . . . . Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste.

Id. at 157. Finally, the court emphasized that "appointment" of counsel remains a matter of discretion and the decision must be made on a case-by-case basis.

---

[1]. 28 U.S.C. § 1915(e) does not authorize the court to "appoint" counsel; it authorizes the court to "request" an attorney to represent a litigant unable to employ counsel. See Mallard v. United States District Court, 490 U.S. 296 (1989).

[2] In 1996, 28 U.S.C. § 1915 was amended by the Prison Litigation Reform Act, Pub. L. No. 104-134 (110 Stat. 1321) (enacted on

The Court of Appeals in Tabron identified standards to be considered by the district courts in exercising their discretion whether to "appoint" counsel pursuant to 28 U.S.C. § 1915(d)( now subsection (e)). First, the Court must consider the merits of the plaintiff's claim. It should not appoint counsel unless it appears that the claim has some merit in fact and law. Tabron, 6 F.3d at 155. Other factors a court should consider include the plaintiff's ability to present his or her case; the plaintiff's education, literacy, prior work experience, prior litigation experience, ability to understand English; restraints placed upon him or her by confinement; whether the claim is truly substantial; the difficulty or complexity of the legal issues; the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation; the extent to which prisoners and others suffering confinement may face problems in pursuing their claims; whether the claims are likely to require extensive discovery and compliance with complex discovery rules; whether the case is likely to turn on credibility determinations; whether the case will require testimony from expert witnesses; and whether an indigent plaintiff could retain counsel on his or her own behalf.

In his well drafted complaint, Plaintiff states that his 8th amendment rights were violated when he was handcuffed in an excessively tight manner by the corrections officers at SCI-Greene, causing a broken bone. He further avers that he was denied medical attention and when he did receive treatment it was grossly inadequate. Plaintiff states in his Motion for counsel that he has limited access to the law library and limited knowledge of the law. He further states that, without counsel, he will be limited in his ability to present evidence and cross examine witnesses at trial. For all these reasons, he avers that he is therefore unable to represent himself.

The case is very straightforward and does not present complex issues of fact. The determinations involved are not likely to impact other prisoners. At this early stage it is not clear

---

April 26, 1996). Former section 1915(d) was amended and codified as section 1915(e).

whether the claims will reach a jury. Should that occur, the court will reconsider and try to find counsel to represent the plaintiff. The court is sympathetic to the difficulty of finding counsel while incarcerated; however, this problem is presented in all of the multiple cases filed in this court by prisoners proceeding on a pro se basis. There simply are not enough lawyers to handle the cases that are filed, at least at this early stage. The court has numerous civil rights cases filed by incarcerated individuals and is aware of both the difficulties involved and also the fact that resources are available in the state corrections institutions to assist prisoners with their legal filings.

As a pro se litigant plaintiff will have the benefit of <u>Haines v. Kerner</u>, 404 U.S. 519 (1972) and its progeny, which provides that courts must liberally construe pro se pleadings. Considering the severe shortage of attorneys with experience and knowledge in this area of the law, who are also willing to take these cases pro bono, it does not appear that this case merits a request by this court for counsel to represent him pursuant to 28 U.S.C. § 1915(e) at this point in the litigation. Should the case survive dispositive motions and appear ready to proceed to trial, the Court may reconsider this request. In fact, our Local Rules of Court, specifically LCvR 10(C), provide that [A]bsent special circumstances, no motions for the appointment of counsel will be granted until after dispositive motions have been resolved.[3]

Accordingly, plaintiff's motion for appointment of counsel shall be denied.

**AND NOW**, this 5th day of May, 2015;

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel is **DENIED** without prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and

---

[3] Local Rule 10 addresses pro se civil rights actions by incarcerated individuals.

Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of issuance of this Order to file an appeal to the District Judge, which includes the basis for objection to this Order. Any party opposing the appeal shall have fourteen (14) days from the date of service of the notice of appeal to respond thereto. Failure to file a timely notice of appeal will constitute a waiver of any appellate rights.

Lisa Pupo Lenihan
United States Magistrate Judge

cc: **JAMAR WILSON**
JM8436
175 Progress Drive
Waynesburg, PA 15370