IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMAR WILSON, | Civil Action No. 14-1654 |
| Plaintiff, | Judge Arthur J. Schwab |
| vs. | Magistrate Judge Lisa Pupo Lenihan |
| SUPERINTENDANT ROBERT GILMORE, et al., | |
| Defendants, | |

## **ORDER**

Plaintiff brings this pro se civil rights action alleging that his 8th amendment rights were violated when he was handcuffed in an excessively tight manner by the corrections officers at SCI- Greene, causing a broken bone. He further avers that he was denied medical attention and when he did receive treatment it was grossly inadequate. He names 7 John Joe Defendants, all of whom were allegedly employed by SCI-Greene as a nurse, corrections officers or supervisors.

By this order, the Court requests that counsel for Defendant Gilmore ascertain the full names and service addresses of the John Doe Defendants 1and 2 who were allegedly involved in the incident complained of by Plaintiff, as well as the Jane Doe Defendant who allegedly treated Plaintiff after the incident. Counsel need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which plaintiff may name and properly

serve the Defendants.[1]

Counsel is hereby requested to produce the information specified above regarding the identity and service addresses of the John Doe Defendants by July 24, 2015. Once this information is provided, Plaintiff's Complaint shall be deemed amended to reflect the full names of these Defendants. Plaintiff must then provide Marshal 285 forms and service forms for these Defendants. If the forms are not provided by August 3, 2015, the undersigned will prepare a Report and Recommendation to dismiss these Defendants for failure to prosecute.

It is not clear to the Court what the role of John Doe 3 was in this case. In addition, it appears that Plaintiff's allegations as to the other three John Does are in a supervisory capacity. (See paragraph 8 of the complaint where plaintiff alleges that "John Does 4 – 6… Are responsible for the hiring, screening, training, and supervision of employees…."). It will be Plaintiff's responsibility to request adequate discovery to name these Defendants. If the Defendants are not identified by the close of the discovery period, they will be stricken from the Complaint.

Therefore, this 15th day of July, 2015, Counsel for Defendant Gilmore is Ordered to identify the seven John and Jane Doe Defendants as set forth above.

---

[1] Plaintiff is incarcerated and thus unable to carry out a full pretrial investigation. Therefore it is difficult for him to obtain the necessary information to identify the alleged actors in this case. The court is not willing at this time to provide him with pro bono counsel and while the court will assist with discovery, it is often difficult for a pro se plaintiff to carry out the discovery necessary to identify the appropriate parties. Courts in other circuits dealing with pro se litigants have ordered named defendants who are in possession of the information necessary to identify John Doe defendants to assist plaintiffs in making such identification. *See, e.g., Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997)(vacated and remanded trial court decision to dismiss complaint for failure to identify officer); *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980) (ruling that the District Court should have ordered the disclosure of the names of the John Doe defendants); *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985)("Rather than dismissing the claim, the court should have ordered disclosure of Officer Does identity by other defendants named….")

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of issuance of this Order to file an appeal to the District Judge, which includes the basis for objection to this Order. Any party opposing the appeal shall have fourteen (14) days from the date of service of the notice of appeal to respond thereto. Failure to file a timely notice of appeal will constitute a waiver of any appellate rights.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

cc: **JAMAR WILSON**
JM8436
175 Progress Drive
Waynesburg, PA 15370